# EXHIBIT A

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 25CV9074

Date Filed 10/1/2025

| Superior Court ☑ | Magistrate Court ☐ |
| State Court ☐ | Probate Court ☐ |
| Juvenile Court ☐ | |

Georgia, Dekalb COUNTY

Tristin Carmichael

_____ Plaintiff

VS.

Emory University /
Emory University School of law

_____ Defendant

Attorney's Address

Ian Walker
3343 Peachtree Rd NE
Suite 145, PMB 1976
Atlanta, GA 30326

Name and Address of Party to Served

CT Corporation System
289 S Culver St
Lawrenceville, GA 30046

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
Served the defendant Emory University School of law a corporation
by leaving a copy of the within action and summons with Jane Richardson
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This 14 day of Oct , 20 25

_____
DEPUTY    H. Higgins 70541

**CLERK'S COPY**

FILED 10/1/2025 4:59 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
### STATE OF GEORGIA

TRISTIN CARMICHAEL

Case No.:    25CV9074

Plaintiff

VS

EMORY UNIVERSITY /

EMORY UNIVERSITY

SCHOOL OF LAW

Defendant

# SUMMONS

## TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said court at http://www.odysseyefilega.com/ and serve upon the Plaintiff's attorney, whose name, address and email is:

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This    1st    day of    October   , 20   25

Honorable Debra DeBerry
Clerk of Superior Court
/s/ Tara Jackson
By_____
Deputy Clerk

E-Filing and E-Service

Pursuant to the Superior Court of DeKalb County's E-File Order, dated December 27, 2016, and available at www.dksuperiorclerk.com/civil, the parties must file all documents electronically through eFileGA unless expressly exempted under the Rule. All orders and notices from the Court will be electronically filed and served through eFileGA. The parties must register for an eFileGA account, link their service contact information with the case and the party represent, and take whatever steps are necessary to ensure that correspondence from eFileGA reaches the parties' inboxes. To access eFileGA, please go to http://www.odysseyefilega.com/

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

FILED 10/6/2025 2:32 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## General Civil and Domestic Relations Case Filing Information Form

☑ Superior or ☐ State Court of _____DEKALB_____ County

| For Clerk Use Only | |
|---|---|
| Date Filed __10/01/2025__ | Case Number __25CV9074__ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**

Carmichael    Tristin

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Emory University /
*Emory University School of Law*

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Plaintiff's Attorney __Ian Walker__    State Bar Number __435853__    Self-Represented ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
Case Number        Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

FILED 10/1/2025 4:59 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **TRISTIN CARMICHAEL** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
|        **vs.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **EMORY UNIVERSITY / EMORY UNIVERSITY** | ) | 25CV9074 |
| **SCHOOL OF LAW,** | ) | |
| **Defendant.** | ) | |

## STATEMENT OF CLAIM

Plaintiff, Tristin Carmichael, ("Mr. Carmichael") brings this claim against Defendant, Emory University School of Law, ("Emory"), a domestic nonprofit corporation registered to do business in Georgia for the following 1) Racial Discrimination; 2) Sexual Orientation Discrimination; 3) Disability Discrimination; 4) Hostile Work Environment 5) Workplace retaliation; and 6) Intentional Infliction of Emotional Distress . Venue is proper in this Court under Georgia law because the acts and omissions giving rise to this claim occurred in Dekalb County, Georgia.

## JURISDICTION AND VENUE

### 1.

This Court has subject matter jurisdiction over this action pursuant to Ga. Const. Art. VI, § IV,. which provides that "The superior courts shall have jurisdiction in all cases, except as otherwise provided in this Constitution."

### 2.

This Court has personal jurisdiction over Defendant Emory University School of Law

because it is a resident of Georgia with its principal place of business in DeKalb County, Georgia.

3.

This Court is the proper venue for this case pursuant to O.C.G.A. § 14-2-510, as Defendant Emory University School of Law maintains its registered office in DeKalb County, Georgia, and the discriminatory acts alleged in this complaint occurred in DeKalb County, Georgia, where Defendant Emory University School of Law has an office and transacts business.

## STATEMENT OF FACTS

4.

Plaintiff is a Black, gay man with a physical disability who was employed as the Senior Director for Admission, Scholarships, & Partnerships at Emory Law School.

5.

Plaintiff holds five degrees and was working on his sixth degree at the time of the events described in this complaint.

6.

Plaintiff has consistently performed his job duties at a high level, receiving almost perfect ratings on his annual reviews.

7.

In August 2024, during an editorial meeting, Dean Freer yelled at Plaintiff when he shared information about students for marketing purposes. Plaintiff was the only Black gay

male on the call.

8.

In August 2024, during a staff admission retreat meeting, Dean Richard Freer stated that "we are not selling crack," which alluded to racial stereotypes related to the crack-cocaine epidemic that plagued the Black community in the 1980s.

9.

Between August 2024 and October 2024, during a meeting involving Mr. Carmichael's supervisor Erin Herting, Dean Freer, Joanna Shepherd, and Greg Riggs, Plaintiff's qualifications were questioned despite his successful performance.

10.

On October 4, 2024, after Mr. Carmichael's supervisor Erin Herting stated that she was mentoring Plaintiff to become the next assistant dean, Dean Freer instructed her to "never tell or repeat to Tristin that he will become the assistant dean of admission."

11.

In January 2025, Dean Freer demeaned one of Mr. Carmichael's team members, who is also Black and openly bisexual, in front of Emory Law staff and external constituents.

12.

In February 2025, Dean Freer removed an openly gay alumnus, Nathan Hartman, from a panel of alumni speakers after Plaintiff had submitted his name for consideration

13.

In March 2025, Mr. Carmichael was removed from being around Dean Freer during

visiting day due to an email that an external alumnus sent regarding admitted students.

14.

On April 9, 2025, Mr. Carmichael sent an email to the president and chief HR to file a

formal complaint regarding Dean Freer's discriminatory behavior.

15.

On April 15, 2025, Mr. Carmichael met with Chief HR and explained his grievances
about Dean Freer's discriminatory behavior.

16.

On April 21, 2025, Mr. Carmichael met with Ruth Vaughn and her colleague from the

Department of Equity and Civil Rights Compliance (DECRC) to make a formal complaint.

17.

On May 23, 2025, Mr. Carmichael was notified that an investigation had started, and all

parties had been informed that Dean Freer would be investigated for discrimination.

18.

After Mr. Carmichael filed his complaint, Dean Freer scheduled excessive meetings with

him from May 2025 to August 2025, as evidenced by Plaintiff's calendar.

19.

On July 7, 2025, the Equal Employment Opportunity Commission (EEOC) issued Mr.

Carmichael a Notice of Right to Sue (Exhibit I).

20.

On July 18, 2025, Mr. Carmichael discovered that Emory Law had posted an opening for

the Assistant Dean of Admissions, with responsibilities that mirrored those he had been

performing for years in his current role.

21.

The job posting for Assistant Dean of Admissions was posted publicly without any

internal notice, in contradiction to typical University practice.

22.

The job posting omitted a grade level altogether and included qualifications that required

fewer years of experience than Mr. Carmichael's current role, appearing designed to exclude

Mr. Carmichael.

23.

Subsequently Dean Freer told central leadership that he would not hire Mr. Carmichael

and plans to hire someone from outside, although Plaintiff is qualified for the Assistant Dean

job.

24.

The aforementioned role of Assistant Dean remains unfulfilled at this present day.

25.

The harassment, duress and inflammatory treatment that Mr. Carmichael was subjected to resulted in experiencing severe stress and mental anguish resulting in Mr. Carmichael having to take leave under the Family and Medical Leave Act beginning on July 11, 2025.

26.

Mr. Carmichael remains on medical leave at this present time.

## CLAIMS FOR RELIEF

### COUNT I - Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964

27.

Mr. Carmichael repeats and realleges the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

28.

Plaintiff, a Black man, has an employment relationship with Emory University.

29.

Title VII prohibits employers from discriminating in terms, conditions, or privileges of employment because of an employee's sex, including sexual orientation.

30.

Plaintiff suffered adverse treatment by virtue of removing his normal job responsibilities, was humiliated in front of colleagues by racially charged and insensitive remarks made by Dean Freer and was required to attend excessive unnecessary meetings.

31.

Coworkers who were similarly situated to Mr. Carmichael, who are not a part of this protected class, were treated noticeably differently and more favorably.

32.

Defendants, through Dean Freer, denied Plaintiff promotion based on his race in Violation of Title VII.

**COUNT II - Sexual Orientation Discrimination in Violation of Title VII of the Civil Rights Act of 1964**

33.

Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

34.

Plaintiff is an openly gay Black man, which are protected characteristics under Title VII.

35.

Title VII prohibits employers from discriminating in terms, conditions, or privileges of employment because of an employee's sexual orientation.

36.

Mr. Carmichael was qualified for promotion for a listed vacant role and once Dean Richard Freer learned of Mr. Carmichael's intention and desire to fulfill the vacant Assistant Dean role he told other employees that he "would never promote a gay

person."

37.

Mr. Carmichael was denied and maliciously averted from promotion due to his sexual orientation, in violation of Title VII.

**Count III - Disability Discrimination in Violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §12101**

38.

Mr. Carmichael repeats and realleges the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

39.

Mr. Carmichael is a person with a physical disability.

40.

Coworkers who were similarly situated to Mr. Carmichael, who are not a part of this protected class, were treated noticeably differently and more favorably.

41.

Emory discriminated against Mr. Carmichael in terms and conditions of his employment by denying him promotion because of his disability in violation of ADA.

**Count IV - Hostile Work Environment in Violation of Title VII and the Americans with Disabilities Act**

42.

Mr. Carmichael repeats and realleges the allegations set forth in paragraphs 1

through 26 as if fully set forth herein.

43.

Mr. Carmichael is a member of multiple protected classes based on his race, sexual orientation, and disability.

44.

Mr. Carmichael suffered adverse treatment by virtue of removing his normal job responsibilities, was humiliated in front of colleagues by racially charged and insensitive remarks made by Dean Freer and was required to attend excessive unnecessary meetings interfering with his job, making it increasingly difficult in violation of Title VII and ADA.

### Count V - Retaliation in Violation of Title VII and the Americans with Disabilities Act

45.

Mr. Carmichael repeats and realleges the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

46.

On April 15, 2025, Mr. Carmichael met with Chief HR and explained his grievances about Dean Freer's discriminatory behavior.

47.

On April 21, 2025, Mr. Carmichael met with Ruth Vaughn and her colleague from the Department of Equity and Civil Rights Compliance (DECRC) to make a formal complaint.

48.

On May 23, 2025, Mr. Carmichael was notified that an investigation had started, and all parties had been informed that Dean Freer would be investigated for discrimination.

49.

After Mr. Carmichael filed his complaint, Dean Freer scheduled excessive meetings with him from May 2025 to August 2025, as evidenced by Mr. Carmichael's calendar.

50.

Additionally, the adverse treatment of Mr. Carmichael not only continued but intensified after Dean Freer was made aware of the grievances that Mr. Carmichael had formally filed. The escalation of negative treatment was due to Mr. Carmichael's reporting of workplace harassment and discrimination which interfered with his job, making it increasingly difficult in violation of Title VII and ADA.

## Count VI - Intentional Infliction of Emotional Distress

51.

Mr. Carmichael repeats and realleges the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

52.

The adverse treatment rose to the level that Mr. Carmichael required medical treatment due to the hostile work environment and stress that he was placed under within the workplace. The escalating tension required Mr. Carmichael to take leave under the Family and Medical Leave Act due to the emotional duress he was experiencing at work

## PRAYER FOR RELIEF AND DAMAGES

**WHEREFORE**, Plaintiff pleads for the following relief:

I.     Compensatory damages against the defendant in an amount to be determined at trial for lost wages, benefits, and other economic losses.

II.    Compensatory damages against the defendant in an amount to be determined at trial for emotional distress, pain and suffering, humiliation, and damage to reputation.

III.   Punitive damages against the defendant in an amount to be determined at trial.

IV.   An order directing Defendant Emory University School of Law to promote Mr. Carmichael to the position of Assistant Dean of Admissions with appropriate back pay and benefits.

V.    An order directing Defendant Emory University School of Law to implement effective policies and procedures to prevent discrimination and retaliation in the workplace.

VI.   Pre-judgment and post-judgment interest as allowed by law.

VII.  Reasonable attorneys' fees and costs incurred in this action.

VIII. Such other relief as the Court deems just and proper.

IX.   Grant trial by jury on all issues so triable

<table>
<tr>
<td>

**Ian Walker Attorney at Law**
3343 Peachtree Road NE
Suite 145., PMB 1976
Atlanta, Ga 30326
Office No. 770-299-9872

</td>
<td>

**IAN WALKER**

/s/ Ian Walker
GA Bar No. 435853
Counsel for Plaintiff
Email: Attorneyianwalker@gmail.com

</td>
</tr>
</table>

# EXHIBIT I

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/07/2025

**To:** Dr. Tristin R. Carmichael
1700 Northside Drive Apt. 3303
ATLANTA, GA 30318
Charge No: 410-2025-09008

EEOC Representative and email:    EMMANUEL VEGA ARREOLA
Investigator
emmanuel.vega-arreola@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 410-2025-09008.

On behalf of the Commission,

Digitally Signed By:Darrell E. Graham
07/07/2025
Darrell E. Graham
District Director

Cc:
Angela Chambliss
Emory University Office of the General Counsel
201 Dowman Drive
Atlanta, GA 30322

Emory University School of Law
1301 CLIFTON RD NE
ATLANTA, GA 30322


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* **under Federal law***. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you** *receive* **this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 410-2025-09008 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30, Atlanta, GA 30303.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 410-2025-09008 to the District Director at Darrell E. Graham, 100 Alabama Street, SW Suite 4R30, Atlanta, GA 30303.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)**

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

Enclosure with EEOC Notice of Closure and Rights (01/22)

- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.*

**IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| TRISTIN CARMICHAEL | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| EMORY UNIVERSITY / EMORY UNIVERSITY | ) | |
| SCHOOL OF LAW, | ) | |
| Defendant. | ) | |

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that the undersigned has personally served a copy of the foregoing

to Emory University / Emory University School of Law., via its registered agent at:

**CT CORPORATION SYSTEM
505 KILGO CIRCLE NE,
300 CONVOCATION HALL
ATLANTA, GA 30322**

Respectfully submitted on October 1, 2025,

/s/ Ian Walker
Ian Walker
Georgia Bar No. 435853
Counsel for Plaintiff
Email: Attorneyianwalker@gmail.com

**Ian Walker Attorney at Law**
3343 Peachtree Road NE
Suite 145, PMB 1976
Atlanta, GA 30326
Office No.: 770-299-9872